IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHEN HALCHUK, | : | |
| | : | Civil Action No.07-218 |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | |
| ROBERT L. WILLIAMS d/b/a | : | |
| ROBERT L. WILLIAMS TRUCKING | : | |
| | : | |
| Defendant/Third Party Plaintiff | : | |
| AND | : | |
| | : | |
| ROBERT D. NEVIN, JR. and THE | : | |
| NATIONAL CASH REGISTER | : | |
| COMPANY | : | |
| Third-Party Defendants | : | |

## MOTION TO AMEND COMPLAINT AND TO EXTEND TIME FOR SERVICE

NOW COMES, plaintiff, Stephen Halchuk, by and through his attorneys, Michael J. Hood, Esquire, of Michael J. Hood, LLC, Robert Snyder and Timothy Daly requesting that this Court pursuant to F.R.C.P 15(C), to Amend the Complaint to add defendants Nevin and The National Cash Register Company and have it relate back to the filing of the Complaint. Furthermore pursuant to FRCP 4(m) to extend time for service upon the defendants for an additional 60 days from the granting of the motion.

The grounds for this motion are as follows:

1. On April 24, 2007, plaintiff filed a complaint against Robert L. Williams, d/b/a Robert L. Williams Trucking based on an automobile collision which occurred on November 10, 2005. The plaintiff alleges that defendant Williams was negligent and caused serious injuries to the plaintiff.

2. This was a diversity of citizenship case pursuant to 28 U.SC. 1332.

3. Plaintiff had an incessant problem attempting to find Mr. Williams. Plaintiff enlisted in the aid of a private investigator which returned various addresses that he believed Mr. Williams was located. The plaintiff filed four (4) Alias Summons to attempt to serve

       Mr. Williams. On August 20, 2007 plaintiff filed a letter to Magistrate Tynge requesting an additional 120 days for service. On August 21, 2007, the Motion was Granted. Finally, Mr. Williams was located and served in Alabama on October 23, 2007 using the Delaware Long Arm Statute 10 Del. C. §3112

4. On or about November 13, 2007 a Answer was filed on behalf of Mr. Williams which denied the allegations, asserted affirmative defenses and also third-partied in third-party defendants Nevin and The National Cash Register Company.

5. The plaintiff was aware that there may have been an accident ahead of the collision involving plaintiff and defendant Williams. However, the plaintiff had no idea of the participants in that accident and the particulars of the accident until November 13, 2007.

6. Upon discovering what defendant had done in his third-party Complaint, plaintiff has desired to add both as a defendant in his Complaint. Plaintiff has been waiting for defendants to enter their appearance so he could file the motion and have it heard at one (1) time as opposed to filing the motion having the Court read and potentially grant the motion then having defendants Nevin and The National Cash Register Company potentially oppose the motion at a later date. However, for whatever reason the Summons by the third party defendants were not filed quickly and until today only defendant The National Cash Register Company has been served on January 25, 2008. It has been over twenty (20) days since service on The National Cash Register Company, but in talking to the defendant Williams' attorney, it has been given an extension to answer. The defendant Nevin it appears was served today.

7. By plaintiff's calculations 120 days would run from November 10, 2007 when the statute ran until March 9, 2008. Plaintiff believes that would be the appropriate time in which to serve the amended complaint.

8. If plaintiff is in error and the 120 days should be calculated from his filing of the Complaint and any extensions, the plaintiff believes that there is good cause to allow

plaintiff the additional time to serve the third party defendants. If the Court rules that is the correct way to interpret the 120 days, the plaintiff's extension would have run on December 18, 2007.

9. Plaintiff's attorney has been in communication with Defendant's attorney about the progress of the third-party suit.

**WHEREFORE**, the Plaintiff requests the Court to allow it to file an Amended Complaint and have it relate back to the date of the initial filing against defendants Nevin and The National Cash Register Company and also to extend its time for service against both for sixty (60) days from the date of this motion is decided.

MICHAEL J. HOOD, LLC

BY: _____
Michael J. Hood, Esquire (#2080)
1701 Shallcross Avenue, Ste. C
P. O. Box 1471
Wilmington, DE 19899
(302) 777-1000
Attorney for Plaintiff

_____
ROBERT P. SNYDER, Esquire
Attorney for Plaintiff

_____
TIMOTHY G. DALY, ESQUIRE
Attorney for Plaintiff

Dated: _____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHEN HALCHUK, | : | |
| | : | Civil Action No.07-218 |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | |
| ROBERT L. WILLIAMS d/b/a | : | |
| ROBERT L. WILLIAMS TRUCKING | : | |
| | : | |
| Defendant/Third Party Plaintiff | : | |
| AND | : | |
| | : | |
| ROBERT D. NEVIN, JR. and THE | : | |
| NATIONAL CASH REGISTER | : | |
| COMPANY | : | |
| Third-Party Defendants | : | |

**ORDER**

**IT IS ORDERED,**_____ this day of_____, 2008, that Plaintiff's Motion to Amend the

Complaint is _____; and Plaintiff's Motion to Extend time for service is

_____, for an additional 60 days to serve the third-party defendants.

_____
JUDGE JOSEPH J. FARNAN, JR.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN HALCHUK, | : |
| | : Civil Action No.07-218 |
| Plaintiff | : JURY TRIAL DEMANDED |
| | : |
| vs. | : ALL AMENDMENTS UNDERLINED |
| | : |
| ROBERT L. WILLIAMS d/b/a | : |
| ROBERT L. WILLIAMS TRUCKING | : |
| | : |
| Defendant/Third Party Plaintiff | : |
| AND | : |
| | : |
| ROBERT D. NEVIN, JR. and THE | : |
| NATIONAL CASH REGISTER | : |
| COMPANY | : |
| Third-Party Defendants | : |

## **AMENDED COMPLAINT**

### **JURISDICTION**

Jurisdiction in this matter is conferred on the Court by 28 U.S.C. §1332, diversity of citizenship and the amount of controversy is over the amount of $75,000.00.

1. Stephen Halchuk is a citizen and resident of the State of Pennsylvania and resides at 2000 Carton Road, Hatboro, PA 19040.

2. Robert L. Williams d/b/a Robert L. Williams trucking is a citizen and resides at <u>6204 Old Pascagoula Road, Apt C-5, Theodore, Alabama 36582.</u>[Formerly residing at 162 Gelden Road, Felton, DE 19943]

3. <u>Upon information and belief, Defendant Robert D. Nevin resides at 123 Buck Lane, Collins Park, New Castle, DE 19720.</u>

4. <u>Defendant, National Cash Register Company is a registered foreign corporation (Maryland). File Number 1012623, whose Registered Agent for service of process within the State of Delaware is The Corporation Trust Company, 1206 Orange Street, Wilmington, DE 19801.</u>

5. On or about November 10, 2005, Stephen Halchuk was driving a 1997 Ford Ranger Pickup on northbound I-495 in New Castle County, State of Delaware.

6. Defendant Robert L. Williams d/b/a Robert L. Williams Trucking was driving a Peterbilt-PET tractor trailer on northbound I-495 in New Castle County, State of Delaware.

7. Stephen Halchuk was driving his motor vehicle in the left lane of I-495 slightly north of Terminal Avenue when the defendant Robert L. Williams d/b/a Robert L. Williams Trucking moved his tractor trailer into the lane in which Mr. Halchuk was driving causing an impact on the right front of plaintiff's vehicle and left rear of defendant's vehicle.

8. As plaintiff's motor vehicle impacted the left side of the tractor-trailer driven by the defendant it continued forward and became lodged under the front wheels of the tractor trailer.

9. On November 10, 2005, defendant Nevin was acting as the agent or employee of defendant, The National Cash Register Company.

10. Defendant Nevin stopped and parked his vehicle partially in the right-hand shoulder and partially in the right-hand lane of I-495 on the Christiana River Bridge approximately .55 miles north of Terminal Avenue, in order to search for a headlight that had earlier fallen off his vehicle.

11. At approximately 11/28 a.m., a 2002 Sterling tractor-trailer operated by Wayne E. Shelalis of New Castle Delaware collided with third-party defendant Nevin's parked vehicle which upon information and belief cause somewhat of a backup of cars on I-495.

## COUNT I

12. Paragraphs 1 through 11 are realleged and incorporated herein by reference.

13. Defendant Robert Williams was negligent in that he:
    a. failed to yield right of way pursuant to 21 Del. Code §4155;
    b. was careless pursuant to violation of 21 Del Code § 4176(a);
    c. was inattentive pursuant to 21 Del Code § 4176(b);
    d. committed common law negligence;
    e. and such other negligence that may be discovered during the course of trial.

14. As a direct and proximate result of the negligence of the defendant, plaintiff Stephen Halchuk sustained injuries including, but not limited to:

   a. C-6-7 subluxation and fracture;

   b. right lower extremities compartment syndrome;

   c. right rib fractures;

   d. spinal cord injury with quadurataresis.

15. These injuries necessitated procedures including, but not limited to:

   a. anterior cervical diskectomy;

   b. C6-C7 anterior spinal cord decompression;

   c. Anterior plating at C6-C7, right lower extremity fasciotomy, and insertion of IVC filter.

16. As a further direct and proximate result of defendant's negligence, plaintiff suffered severe pain and suffering, mental anguish, loss of enjoyment in life which has continued since the date of the collision and continues up to the present day. Some or all of the plaintiff's injuries may be permanent.

17. As a further direct and proximate result of defendant's negligence, plaintiff has sustained loss wages, medical bills, property damage from the day of the accident up until the present time and some or all of said expenses will continue into the future.

## COUNT II

18. Paragraphs 1 through 11 are realleged and incorporated herein by reference.

19. Defendant Nevin was negligent in that he was:

   a. allowed his vehicle to remain stopped, or parked upon a roadway when it was practical to do so off the roadway, in violation of 21. Del. C. § 4179(a)(12);

b. allowed his vehicle to remain stopped, standing or parked upon a bridge or elevated structure, in violation of 21. Del. C. § 4179(a)(14);

c. allowed his vehicle to remain stopped, standing or parked upon a roadway in a manner that obstructed the free passage of traffic, in violation of 21. Del. C. § 4179(a)(16);

d. otherwise acted negligently per se and/or in common law as may be learned through further investigation and discovery.

20. At all relevant times, hereto, defendant Nevin was acting as an agent, employee, of defendant The National Cash Register Company and all negligence of the defendant Nevin is imputed to the defendant The National Cash Register Company through doctrine of Respondeat Superior.

23. As a direct and proximate result of the negligence of the defendant, plaintiff Stephen Halchuk sustained injuries including, but not limited to:

    a. C-6-7 subluxation and fracture;

    b. right lower extremities compartment syndrome;

    c. right rib fractures;

    d. spinal cord injury with quadurataresis.

24. These injuries necessitated procedures including, but not limited to:

    a. anterior cervical diskectomy;

    b C6-C7 anterior spinal cord decompression;

    c. Anterior plating at C6-C7, right lower extremity fasciotomy, and Insertion of IVC filter.

25. As a further direct and proximate result of defendant's negligence, plaintiff suffered severe pain and suffering, mental anguish, loss of enjoyment in life which has continued since the date of the collision and continues up to the present day. Some or all of the plaintiff's injuries may be permanent.

26. As a further direct and proximate result of defendant's negligence, plaintiff has sustained loss wages, medical bills, property damage from the day of the accident up until the present time and some or all of said expenses will continue into the future.

WHEREFORE, Plaintiff demands against the Defendants jointly and severely for special damages, compensatory damages, costs, interest and any further relief that this Court deems appropriate.

        MICHAEL J. HOOD, LLC

BY: _____
Michael J. Hood, Esquire (#2080)
Michael J. Hood, LLC
1701 Shallcross Avenue
Suite C-1
P.O. Box 1471
Wilmington, DE 19899-1471
Attorney for Plaintiff

_____
ROBERT P. SNYDER, Esquire
Attorney for Plaintiff

_____
TIMOTHY G. DALY, ESQUIRE
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHEN HALCHUK, | : | |
| | : | Civil Action No.07-218 |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| : | | |
| ROBERT L. WILLIAMS d/b/a | : | |
| ROBERT L. WILLIAMS TRUCKING | : | |
| | : | |
| Defendant/Third Party Plaintiff | : | |
| AND | : | |
| | : | |
| ROBERT D. NEVIN, JR. and THE | : | |
| NATIONAL CASH REGISTER | : | |
| COMPANY | : | |
| Third-Party Defendants | : | |

**AMENDED COMPLAINT**

**JURISDICTION**

Jurisdiction in this matter is conferred on the Court by 28 U.S.C. §1332, diversity of citizenship and the amount of controversy is over the amount of $75,000.00.

1. Stephen Halchuk is a citizen and resident of the State of Pennsylvania and resides at 2000 Carton Road, Hatboro, PA 19040.

2. Robert L. Williams d/b/a Robert L. Williams trucking is a citizen and resides at 6204 Old Pascagoula Road, Apt C-5, Theodore, Alabama 36582.[Formerly residing at 162 Gelden Road, Felton, DE 19943]

3. Upon information and belief, Defendant Robert D. Nevin resides at 123 Buck Lane, Collins Park, New Castle, DE 19720.

4. Defendant, National Cash Register Company is a registered foreign corporation (Maryland). File Number 1012623, whose Registered Agent for service of process within the State of Delaware is The Corporation Trust Company, 1206 Orange Street, Wilmington, DE 19801.

5. On or about November 10, 2005, Stephen Halchuk was driving a 1997 Ford Ranger Pickup on northbound I-495 in New Castle County, State of Delaware.

6. Defendant Robert L. Williams d/b/a Robert L. Williams Trucking was driving a Peterbilt-PET tractor trailer on northbound I-495 in New Castle County, State of Delaware.

7. Stephen Halchuk was driving his motor vehicle in the left lane of I-495 slightly north of Terminal Avenue when the defendant Robert L. Williams d/b/a Robert L. Williams Trucking moved his tractor trailer into the lane in which Mr. Halchuk was driving causing an impact on the right front of plaintiff's vehicle and left rear of defendant's vehicle.

8. As plaintiff's motor vehicle impacted the left side of the tractor-trailer driven by the defendant it continued forward and became lodged under the front wheels of the tractor trailer.

9. On November 10, 2005, defendant Nevin was acting as the agent or employee of defendant, The National Cash Register Company.

10. Defendant Nevin stopped and parked his vehicle partially in the right-hand shoulder and partially in the right-hand lane of I-495 on the Christiana River Bridge approximately .55 miles north of Terminal Avenue, in order to search for a headlight that had earlier fallen off his vehicle.

11. At approximately 11/28 a.m., a 2002 Sterling tractor-trailer operated by Wayne E. Shelalis of New Castle Delaware collided with third-party defendant Nevin's parked vehicle which upon information and belief cause somewhat of a backup of cars on I-495.

### COUNT I

12. Paragraphs 1 through 11 are realleged and incorporated herein by reference.

13. Defendant Robert Williams was negligent in that he:
    a. failed to yield right of way pursuant to 21 Del. Code §4155;
    b. was careless pursuant to violation of 21 Del Code § 4176(a);
    c. was inattentive pursuant to 21 Del Code § 4176(b);
    d. committed common law negligence;
    e. and such other negligence that may be discovered during the course of trial.

14. As a direct and proximate result of the negligence of the defendant, plaintiff Stephen Halchuk sustained injuries including, but not limited to:
    a. C-6-7 subluxation and fracture;
    b. right lower extremities compartment syndrome;
    c. right rib fractures;
    d. spinal cord injury with quadurataresis.

15. These injuries necessitated procedures including, but not limited to:
    a. anterior cervical diskectomy;
    b. C6-C7 anterior spinal cord decompression;
    c. Anterior plating at C6-C7, right lower extremity fasciotomy, and insertion of IVC filter.

16. As a further direct and proximate result of defendant's negligence, plaintiff suffered severe pain and suffering, mental anguish, loss of enjoyment in life which has continued since the date of the collision and continues up to the present day. Some or all of the plaintiff's injuries may be permanent.

17. As a further direct and proximate result of defendant's negligence, plaintiff has sustained loss wages, medical bills, property damage from the day of the accident up until the present time and some or all of said expenses will continue into the future.

## COUNT II

18. Paragraphs 1 through 11 are realleged and incorporated herein by reference.
19. Defendant Nevin was negligent in that he was:
    a. allowed his vehicle to remain stopped, or parked upon a roadway when it was practical to do so off the roadway, in violation of 21. Del. C. § 4179(a)(12);

b. allowed his vehicle to remain stopped, standing or parked upon a bridge or elevated structure, in violation of 21. Del. C. § 4179(a)(14);

c. allowed his vehicle to remain stopped, standing or parked upon a roadway in a manner that obstructed the free passage of traffic, in violation of 21. Del. C. § 4179(a)(16);

d. otherwise acted negligently per se and/or in common law as may be learned through further investigation and discovery.

20. At all relevant times, hereto, defendant Nevin was acting as an agent, employee, of defendant The National Cash Register Company and all negligence of the defendant Nevin is imputed to the defendant The National Cash Register Company through doctrine of Respondeat Superior.

23. As a direct and proximate result of the negligence of the defendant, plaintiff Stephen Halchuk sustained injuries including, but not limited to:

    a. C-6-7 subluxation and fracture;

    b. right lower extremities compartment syndrome;

    c. right rib fractures;

    d. spinal cord injury with quadurataresis.

24. These injuries necessitated procedures including, but not limited to:

    a. anterior cervical diskectomy;

    b C6-C7 anterior spinal cord decompression;

    c. Anterior plating at C6-C7, right lower extremity fasciotomy, and Insertion of IVC filter.

25. As a further direct and proximate result of defendant's negligence, plaintiff suffered severe pain and suffering, mental anguish, loss of enjoyment in life which has continued since the date of the collision and continues up to the present day. Some or all of the plaintiff's injuries may be permanent.

26. As a further direct and proximate result of defendant's negligence, plaintiff has sustained loss wages, medical bills, property damage from the day of the accident up until the present time and some or all of said expenses will continue into the future.

WHEREFORE, Plaintiff demands against the Defendants jointly and severely for special damages, compensatory damages, costs, interest and any further relief that this Court deems appropriate.

MICHAEL J. HOOD, LLC

BY: _____
Michael J. Hood, Esquire (#2080)
Michael J. Hood, LLC
1701 Shallcross Avenue
Suite C-1
P.O. Box 1471
Wilmington, DE 19899-1471
Attorney for Plaintiff


/S/ _____
ROBERT P. SNYDER, Esquire
Attorney for Plaintiff


/S/ _____
TIMOTHY G. DALY, ESQUIRE
Attorney for Plaintiff