IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHEN HALCHUK, | : | |
| | : | Civil Action No.07-218 |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | |
| ROBERT L. WILLIAMS d/b/a | : | |
| ROBERT L. WILLIAMS TRUCKING | : | |
| | : | |
| Defendant/Third Party Plaintiff | : | |
| AND | : | |
| | : | |
| ROBERT D. NEVIN, JR. and THE | : | |
| NATIONAL CASH REGISTER | : | |
| COMPANY | : | |
| Third-Party Defendants | : | |

**OPENING BRIEF IN SUPPORT OF MOTION**
**TO AMEND THE COMPLAINT AND EXTEND TIME FOR SERVICE**


Michael J. Hood, Esquire (#2080)
Michael J. Hood, LLC
1701 Shallcross Avenue
Suite C-1
P.O. Box 1471
Wilmington, DE 19899-1471
Attorney for Plaintiff


Robert P. Snyder, Esquire
Timothy G. Daly, Esquire
Robert P. Snyder & Associates
128 Ivy Lane
King of Prussia, PA 19406
Attorneys for Plaintiff

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES………………………………………………….. ii

NATURE AND STAGE OF PROCEEDINGS………………………………. 1

SUMMARY OF ARGUMENT………………………………………………. 2

STATEMENT OF FACTS…………………………………………………... 3

ARGUMENT I……………………………………………………………….. 5

     Plaintiff has complied with all the requirements under F.R.C.P 15(c) to amend this Complaint to add additional defendants and having it relate back to the time of the original Complaint.

ARGUMENT II………………………………………………………………. 7

     Since the plaintiff's have filed before the 120 days which runs on March 9, 2008, the Court should grant an extended time to serve both defendants. In the alternative, if plaintiff misconstrued and his time to request an extension is before the first extension by the Court in his Complaint which ended on December 18, 2007, there is good cause to extend the time to serve the defendants. Lastly, the Court does have discretion even without good cause to extend the time for service and should in this matter.

CONCLUSIONS……………………………………………………………... 9

# TABLE OF AUTHORITIES

PAGE

Garvin v. City of Philadelphia 354 F.3d 215 (3Cir.,2003)……………………………..5

Lavin v. AAA Mid-Atlantic Insurance Company, (203Del. Super.) Lexis 218…..…...6

In Re Lennox Healthcare, Inc.; et al., 319 B.R. 819 (D.Del. 2005)……………...…….7

Owen v. Alarm Guard of Delmarva, Inc. 625 A.2d 258 (Del.1993)……………….…..5

## STATUTES AND RULES

10 Del. C. §3112………………………………………………………………………1,3

28. U.S.C. 1332………………………………………………………………………..3,

F.R.C.P. 15(c)……………………………………………………………………2,5,6,7,9

RULE 4(M)……………………………………………………………………………..8

## NATURE AND STAGE OF PROCEEDINGS

This is a diversity of citizenship case involving a motor vehicle action involving plaintiff Stephen Halchuk, and defendant Robert Williams which occurred on November 10, 2005 on I-495 in New Castle County, State of Delaware.

On or about April 23, 2007 a Complaint was filed against defendant Williams for negligence in causing severe injuries to the plaintiff Halchuk.

Plaintiff had an extremely difficult time attempting to locate defendant Williams who had moved out of State and eventually ended in Alabama. Service was finally perfected by Delaware Long Arm Statute 10 Del. C. §3112 on October 23, 2007.

In the interim, Plaintiff requested and was granted an extension for an additional 120 days on August 21, 2007 to attempt to serve the defendant.

On or about November 13, 2007, Defendant Williams filed an answer and also third-party defendants Nevin and The National Cash Register Company. This is plaintiff's Motion to Amend the Complaint to add both as direct defendants in this action.

1

## SUMMARY OF ARGUMENT

I. Plaintiff should be allowed to amend this Complaint to add the additional defendants. All the provisions of F.R.C.P. 15(c) have been followed and the Complaint should relate back to the time of filing the original Complaint.

II. Plaintiff should be allowed to extend the time for Service from March 9, 2008 for an additional sixty (60) days from the time the Amended Complaint is granted to serve both additional defendants. In the alternative, Plaintiff has shown good cause to extend the time for service of the Complaint for an additional sixty (60) days from the time when the Amended Complaint is granted. Lastly, the Court's discretion favors the extension of time.

## STATEMENT OF FACTS

On April 24, 2007, plaintiff filed a complaint against Robert L. Williams, d/b/a Robert L. Williams Trucking based on an automobile collision which occurred on November 10, 2005. The plaintiff alleges that defendant Williams was negligent and caused serious injuries to the plaintiff.

This was a diversity of citizenship case pursuant to 28 U.SC. 1332.

Plaintiff had an incessant problem attempting to find Mr. Williams. Plaintiff enlisted in the aid of a private investigator which returned various addresses that he believed Mr. Williams was located. The plaintiff filed four (4) Alias Summons to attempt to serve Mr. Williams. On August 20, 2007 plaintiff filed a letter to Magistrate Tynge requesting an additional 120 days for service. On August 21, 2007, the Motion was Granted. Finally, Mr. Williams was located and served in Alabama on October 23, 2007 using the Delaware Long Arm Statute 10 Del. C. §3112

On or about November 13, 2007 a Answer was filed on behalf of Mr. Williams which denied the allegations, asserted affirmative defenses and also third-partied in third-party defendants Nevin and The National Cash Register Company.

The plaintiff was aware that there may have been an accident ahead of the collision involving plaintiff and defendant Williams. However, the plaintiff had no idea of the participants in that accident and the particulars of the accident until November 13, 2007.

Upon discovering what defendant had done in his third-party Complaint, plaintiff has desired to add both as a defendant in his Complaint. Plaintiff has been waiting for defendants to enter their appearance so he could file the motion and have it heard at one (1) time as opposed to filing the motion having the Court read and potentially grant the motion then having defendants Nevin and The National Cash Register Company potentially oppose the motion at a later date. However, for whatever reason the Summons by the third party defendants were not filed quickly and until today only defendant The National Cash Register Company has been served on January 25, 2008. It has been over twenty (20) days since service on The National Cash Register

3

Company, but in talking to the defendant Williams' attorney, it has been given an extension to answer. The defendant Nevin it appears was served today.

By plaintiff's calculations 120 days would run from November 10, 2007 when the statute ran until March 9, 2008. Plaintiff believes that would be the appropriate time in which to serve the amended complaint.

If plaintiff is in error and the 120 days should be calculated from his filing of the Complaint and any extensions, the plaintiff's extension would have run on December 18, 2007.

Plaintiff's attorney has been in communication with Defendant's attorney about the progress of the third-party suit.

## ARGUMENT I

**Plaintiff has complied with all the requirements under F.R.C.P 15(c) to amend this Complaint to add additional defendants and having it relate back to the time of the original Complaint.**

Initially, it is settled law that Rule 15(c) allows amendments to include additional parties as well as changing the name of a party. Garvin v. City of Philadelphia 354 F.3d 215 (3Cir.,2003); Owen v. Alarm Guard of Delmarva, Inc. 625 A.2d. 258 (Del. 1993).

Rule 15(c) sets out specific requirements for the amendment of the Complaint to add parties and have it relate back. Initially it must involve the same transaction or occurrence as in the original Complaint. There is certainly no argument that this the same occurrence involving the original Complaint, namely, the automobile collision which involved Stephen Halchuk and defendant Williams.

Secondly, Rule 15(c) requires that within the period provided by law for service of the Summons and the Complaint the party to be brought in by the Amendment has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits.

In this case the third party Complaint was filed on November 13, 2007. Defendant The National Cash Register Company was served on January 25, 2008, but it has not as yet filed a response. However, it certainly knows of the institution of the action and can not argue prejudice. This case is in its inception. We are still in the process of doing pleadings and no discovery has been answered in this case. Furthermore, the Court has just sent a letter to counsel to set time lines in the case.

In terms of defendant, Nevin, it appears that the defendant-third-party plaintiff had a difficult time locating him. If the Court grants the additional time and defendant Nevin is served we are again at the inception of the case and there can be no prejudice on the part of that defendant in maintaining an action on its merits. Furthermore, he will be represented by the attorney for the third-party defendant The National Cash Register Company.

Thirdly, 15(c) requires that within the time for the service of summons, the person brought in knew or should have known that the mistake concerning the identity of the party, the suit would have been brought against the party. With third-party defendant, The National Cash Register Company, it is hard to argue that it would believe that plaintiff would not file a direct action against it and it just would be a third-party defendant.

As to the defendant, Nevin, that is why the plaintiff is requesting the additional time for service to be able to serve defendant. When he is served the same argument as above applies.

Lavin v. AAA Mid-Atlantic Insurance Company, (203 Del. Super.) LEXIS 218 is instructive. In that case the plaintiff attempted to plead directly against the third-party defendant at the close of trial. The attempt was denied by the Court. However, at page 5 the Court stated, "it would appear to this Court the time to amend the Complaint would have been months before trial when the third-party defendant was brought into the case." That is exactly what plaintiff is attempting to do in this matter.

Therefore, with the Court's indulgence in granting the extension for time to serve, the provisions of 15(c) have and will be fully complied with in this matter. The plaintiff has been waiting for people to be brought into this case to be able to amend and have the Court make one ruling with all parties involved. However, the days are drifting away when plaintiff has to file the amendment.

6

## ARGUMENT II

**Since the plaintiff's have filed before the 120 days which runs on March 9, 2008, the Court should grant an extended time to serve both defendants. In the alternative, if plaintiff misconstrued and his time to request an extension is before the first extension by the Court in his Complaint which ended on December 18, 2007, there is good cause to extend the time to serve the defendants. Lastly, the Court does have discretion even without good cause to extend the time for service and should in this matter.**

Plaintiff believed from the inception and still believes that the correct time for service would be 120 days after the statute ran. If plaintiff is correct, that would extend time for service to March 9, 2008. Plaintiff has been waiting impatiently for the third-party defendants to appear in the case to be able to present this motion and not have it heard in a piece meal fashion. Unfortunately, that has not occurred. 15(c) would seem to give plaintiff to a March 9, 2008 either to get service or to ask for an extension. However, plaintiff admits that it can find no case law either way.

If plaintiff has made a mistake and the time to request the extension would have been December 18, 2007, it certainly believes that it has good cause for the Court to extend the time for it to make service upon the additional defendants.

In Re Lennox Healthcare, Inc.; Et Al, 319 B.R. 819 (D.Del. 2005), the Bankruptcy Court stated what good cause would be and equated it to the excusable neglect standard. Lennox at 822 stated "Taking all relevant circumstances into consideration, the Court should extend the time to serve when "when counsel exhibits substantial diligence, professional competence and good faith but fails to comply with the rule as a result of some minor neglect...." (Citations Omitted.)

In this instance, the plaintiff has stated many times, he has been waiting for the proper parties to get into this case. He has been following what has been transpiring on almost a daily basis. He has construed, and hopefully correctly, that the time serve

7

would extend to March 9, 2008. He has been in contact with defense counsel for Williams to find out what was occurring. All the circumstances demonstrate an excusable neglect on part of the plaintiff to extend the time for service.

The Court does have discretion as stated in Lennox and Rule 4(m) to give an extension even if there is no good cause. While plaintiff vigorously argues there is good cause, the factor cited by the Court in Lennox certainly applies to the situation at hand. The criteria set for the Court's discretionary allowance of additional time is certainly present in this fact pattern.

## CONCLUSION

In conclusion the plaintiff has met the requirements set forth by F.R.C.P 15(c) to amend the Complaint and add the defendants and have it relate back to the filing of the original Complaint with an extension of time.

The plaintiff has met its burden to extend the extension of time to file against the defendants. In the alternative, good cause has been shown for the Court to extend the time. Lastly, the Court in its discretion should allow the additional time to serve.

Respectfully submitted,

MICHAEL J. HOOD, LLC

BY: _____
Michael J. Hood, Esquire (#2080)
Michael J. Hood, LLC
1701 Shallcross Avenue
Suite C-1
P.O. Box 1471
Wilmington, DE 19899-1471
Attorney for Plaintiff

_____
ROBERT P. SNYDER, Esquire
Attorney for Plaintiff

_____
TIMOTHY G. DALY, ESQUIRE
Attorney for Plaintiff