IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHEN HALCHUK, | : | |
| Plaintiff | : | Civil Action No.07-218 |
| | : | JURY TRIAL DEMANDED |
| vs. | : | |
| ROBERT L. WILLIAMS d/b/a | : | |
| ROBERT L. WILLIAMS TRUCKING | : | |
| Defendant/Third Party Plaintiff | : | |
| AND | : | |
| ROBERT D. NEVIN, JR. and THE | : | |
| NATIONAL CASH REGISTER | : | |
| COMPANY | : | |
| Third-Party Defendants | : | |

**AMENDED COMPLAINT**

**JURISDICTION**

Jurisdiction in this matter is conferred on the Court by 28 U.S.C. §1332, diversity of citizenship and the amount of controversy is over the amount of $75,000.00.

1. Stephen Halchuk is a citizen and resident of the State of Pennsylvania and resides at 2000 Carton Road, Hatboro, PA 19040.

2. Robert L. Williams d/b/a Robert L. Williams trucking is a citizen and resides at 6204 Old Pascagoula Road, Apt C-5, Theodore, Alabama 36582.[formerly residing at 162 Gelden Road, Felton, DE 19943]

3. Upon information and belief, Defendant Robert D. Nevin resides at 221 Harlequin Drive, New Castle, DE 19720 [formerly residing at 123 Buck Lane, Collins Park, New Castle, DE 19720].

4. Defendant, National Cash Register Company is a registered foreign corporation (Maryland). File Number 1012623, whose Registered Agent for service of process within the State of Delaware is The Corporation Trust Company, 1206 Orange Street, Wilmington, DE 19801.

5. On or about November 10, 2005, Stephen Halchuk was driving a 1997 Ford Ranger Pickup on northbound I-495 in New Castle County, State of Delaware.

6. Defendant Robert L. Williams d/b/a Robert L. Williams Trucking was driving a Peterbilt-PET tractor trailer on northbound I-495 in New Castle County, State of Delaware.

7. Stephen Halchuk was driving his motor vehicle in the left lane of I-495 slightly north of Terminal Avenue when the defendant Robert L. Williams d/b/a Robert L. Williams Trucking moved his tractor trailer into the lane in which Mr. Halchuk was driving causing an impact on the right front of plaintiff's vehicle and left rear of defendant's vehicle.

8. As plaintiff's motor vehicle impacted the left side of the tractor-trailer driven by the defendant it continued forward and became lodged under the front wheels of the tractor trailer.

9. On November 10, 2005, defendant Nevin was acting as the agent or employee of defendant, The National Cash Register Company.

10. Defendant Nevin stopped and parked his vehicle partially in the right-hand shoulder and partially in the right-hand lane of I-495 on the Christiana River Bridge approximately .55 miles north of Terminal Avenue, in order to search for a headlight that had earlier fallen off his vehicle.

11. At approximately 11/28 a.m., a 2002 Sterling tractor-trailer operated by Wayne E. Shelalis of New Castle Delaware collided with third-party defendant Nevin's parked vehicle which upon information and belief cause somewhat of a backup of cars on I-495.

## COUNT I

12. Paragraphs 1 through 11 are realleged and incorporated herein by reference.

13. Defendant Robert Williams was negligent in that he:

    a. failed to yield right of way pursuant to 21 Del. Code §4155;

    b. was careless pursuant to violation of 21 Del Code § 4176(a);

    c. was inattentive pursuant to 21 Del Code § 4176(b);

      d.   committed common law negligence;

      e.   and such other negligence that may be discovered during the course of trial.

14. As a direct and proximate result of the negligence of the defendant, plaintiff Stephen Halchuk sustained injuries including, but not limited to:

      a.   C-6-7   subluxation and fracture;

      b.   right lower extremities compartment syndrome;

      c.   right rib fractures;

      d.   spinal cord injury with quadurataresis.

15. These injuries necessitated procedures including, but not limited to:

      a.   anterior cervical diskectomy;

      b.   C6-C7 anterior spinal cord decompression;

      c.   Anterior plating at C6-C7, right lower extremity fasciotomy, and insertion    of IVC filter.

16. As a further direct and proximate result of defendant's negligence, plaintiff suffered severe pain and suffering, mental anguish, loss of enjoyment in life which has continued since the date of the collision and continues up to the present day. Some or all of the plaintiff's injuries may be permanent.

17. As a further direct and proximate result of defendant's negligence, plaintiff has sustained loss wages, medical bills, property damage from the day of the accident up until the present time and some or all of said expenses will continue into the future.

## COUNT II

18. Paragraphs 1 through 11 are realleged and incorporated herein by reference.

19. Defendant Nevin was negligent in that he was:

a. allowed his vehicle to remain stopped, or parked upon a roadway when it was practical to do so off the roadway, in violation of 21. Del. C. § 4179(a)(12);

b. allowed his vehicle to remain stopped, standing or parked upon a bridge or elevated structure, in violation of 21. Del. C. § 4179(a)(14);

c. allowed his vehicle to remain stopped, standing or parked upon a roadway in a manner that obstructed the free passage of traffic, in violation of 21. Del. C. § 4179(a)(16);

d. otherwise acted negligently per se and/or in common law as may be learned through further investigation and discovery.

20. At all relevant times, hereto, defendant Nevin was acting as an agent, employee, of defendant The National Cash Register Company and all negligence of the defendant Nevin is imputed to the defendant The National Cash Register Company through doctrine of Respondeat Superior.

23. As a direct and proximate result of the negligence of the defendant, plaintiff Stephen Halchuk sustained injuries including, but not limited to:

    a.     C-6-7 subluxation and fracture;

    b.     right lower extremities compartment syndrome;

    c.     right rib fractures;

    d.     spinal cord injury with quadurataresis.

24. These injuries necessitated procedures including, but not limited to:

    a.     anterior cervical diskectomy;

    b     C6-C7 anterior spinal cord decompression;

    c.     Anterior plating at C6-C7, right lower extremity fasciotomy, and Insertion of IVC filter.

25. As a further direct and proximate result of defendant's negligence, plaintiff suffered severe pain and suffering, mental anguish, loss of enjoyment in life which has continued since the date of the collision and continues up to the present day. Some or all of the plaintiff's injuries may be permanent.

26. As a further direct and proximate result of defendant's negligence, plaintiff has sustained loss wages, medical bills, property damage from the day of the accident up until the present time and some or all of said expenses will continue into the future.

WHEREFORE, Plaintiff demands against the Defendants jointly and severely for special damages, compensatory damages, costs, interest and any further relief that this Court deems appropriate.

MICHAEL J. HOOD, LLC
BY: _____
Michael J. Hood, Esquire (#2080)
Michael J. Hood, LLC
1701 Shallcross Avenue
Suite C-1
P.O. Box 1471
Wilmington, DE 19899-1471
Attorney for Plaintiff

/s/ Robert P Snyder
_____
ROBERT P. SNYDER, Esquire
Attorney for Plaintiff

/s/ Timothy G Daly
_____
TIMOTHY G. DALY, ESQUIRE
Attorney for Plaintiff