IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHEN HALCHUK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 07-218 |
| vs. | : | |
| | : | |
| ROBERT L. WILLIAMS d/b/a | : | |
| ROBERT L. WILLIAMS TRUCKING, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants/Third-Party Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| ROBERT D. NEVIN, JR., and THE NATIONAL | : | |
| CASH REGISTER COMPANY, | : | |
| | : | |
| Third-Party Defendants/Fourth Party Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| TIPTON TRUCKING CO., INC., and WAYNE SHELALIS, | : | |
| | : | |
| Fourth-Party Defendants. | : | |

**THE NATIONAL CASH REGISTER COMPANY AND ROBERT D. NEVIN, JR.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE THIRD-PARTY COMPLAINT AND FOURTH PARTY COMPLAINT**

**COMES NOW**, the Third-Party Defendants/Fourth Party Plaintiffs, The National Cash Register Company and Robert D. Nevin Jr., by and through their undersigned attorneys, hereby file their Answer and Affirmative Defenses to the Third Party complaint filed by Defendant/Third-Party Defendants, Robert L. Williams d/b/a

Robert L. Williams Trucking. In addition, The National Cash Register Company and Robert D. Nevin Jr. file their Fourth Party Complaint.

## ANSWER TO THIRD PARTY COMPLAINT

1. Upon present information and belief, the Third-Party Defendants deny the allegations of the paragraph.

2. Upon present information and belief, the Third-Party Defendants admit the allegations of the paragraph.

3. Upon present information and belief, the Third-Party Defendants admit the allegations of the paragraph.

4. Upon present information and belief, the Third-Party Defendants admit the allegations of the paragraph.

5. Upon present information and belief, the Third-Party Defendants admit the allegations of the paragraph.

6. Upon present information and belief, the Third-Party Defendants deny the allegations of the paragraph.

7. Upon present information and belief, the Third-Party Defendants admit the allegations of the paragraph.

8. Upon present information and belief, the Third-Party Defendants deny the allegations of the paragraph.

9. Upon present information and belief, the Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

10. Upon present information and belief, the Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

11. Upon present information and belief, the Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

12. Upon present information and belief, the Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

13. Upon present information and belief, the Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

14. Upon present information and belief, the Third-Party Defendant, The National Cash Register Company, specifically denies every allegation of negligence, causation and/or damages alleged in the paragraph. The National Cash Register Company admits that at all times relevant hereto, the Third-Party Defendant, Robert D. Nevin, Jr., was acting in the scope and course of his employment.

15. Upon present information and belief, the Third-Party Defendants specifically deny every allegation of negligence, causation and/or damages alleged in the paragraph. The Third-Party Defendants specifically deny every allegation of contribution and/or indemnification.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16. The Third-Party Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

17. The Third-Party Defendants affirmatively assert that the injuries allegedly sustained by the Plaintiff were caused solely or entirely by the negligence of the Plaintiff and/or Defendant/Third Party Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

18. The Third-Party Defendants' actions are not the proximate cause of the accident occurring between the Plaintiff and Defendant/Third-Party Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

19. The Third Party Defendants' actions are not the proximate cause of the accident occurring between the Plaintiff and Defendant/Third-Party Plaintiff as each independently had the last clear chance to avoid the accident, and through their own negligence, failed to do so.

### FIFTH AFFIRMATIVE DEFENSE

20. The Third Party Complaint fails to join a party in whose absence complete relief cannot be accorded among those already named as parties.

### SIXTH AFFIRMATIVE DEFENSE

21. The Plaintiffs' injuries and damages, which the Third-Party Defendants deny, were proximately caused by the intervening and superseding act(s) of other, unrelated entities.

### SEVENTH AFFIRMATIVE DEFENSE

22. The claims alleged by the Plaintiff and Third-Party Plaintiff are barred by applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

23. The Third-Party Defendants' negligence, which is otherwise denied, is less that the negligence of the Third-Party Plaintiff or the combined negligence of all parties against whom recovery is sought. Accordingly, the Third-Party Plaintiff's claims are barred by its own comparative negligence.

### NINTH AFFIRMATIVE DEFENSE

24. In the event that the Third-Party Plaintiff is determined to be responsible for the Plaintiff's damages, then such damages shall be diminished in proportion to the amount of negligence attributed to the Third-Party Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

25. The Third-Party Plaintiff's negligence, when compared to the alleged negligence of the Third-Party Defendants, bars the Third-Party Plaintiffs' claims because that comparative negligence exceeds that of the Third Party Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

26. In the event that the Third-Party Plaintiff is determined to be responsible

for the Plaintiff's damages, then the Third-Party Defendants seek full contribution and indemnification from each and every defendant.

## FOURTH PARTY COMPLAINT FOR CONTRIBUTION AND INDEMNIFICATION AGAINST TIPTON TRUCKING CO., INC., AND WAYNE SHELALIS

1. The Third-Party Defendant/Fourth-Party Plaintiff denies that it is liable to Defendant/Third-Party Plaintiff in any respect. However, in the event that the Third-Party Defendant/Fourth-Party Plaintiff is held liable to Defendant/Third-Party Plaintiff, then the Third-Party Defendant/Fourth-Party Plaintiff asserts cross-claims against Tipton Trucking Co., Inc., and Wayne Shelalis on the grounds that the conduct of Tipton Trucking Co., Inc., and Wayne Shelalis was the primary cause of the alleged damages. Third-Party Defendant/Fourth-Party Plaintiff, if liable at all, is only secondarily liable.

2. In the event that Third-Party Defendant/Fourth-Party Plaintiff is held liable to Third-Party Defendant/Fourth-Party Plaintiff, then the alleged wrongful acts of Tipton Trucking Co., Inc., and Wayne Shelalis and Third-Party Defendant/Fourth-Party Plaintiff are contributing causes of the damages sustained by Plaintiff. Therefore, the Third-Party Defendant/Fourth-Party Plaintiff is entitled to contribution and/or indemnification from Tipton Trucking Co., Inc., and Wayne Shelalis for any amount which the Third-Party Defendant/Fourth-Party Plaintiff may be required to pay as a result of the Fourth-Party Defendants' wrongful acts, based on the relative degrees of fault determined pursuant to Delaware's Uniform Contribution Among Tortfeasor's Law, 10 DEL. C. § 6301 through § 6308.

## THE PARTIES

3.  At all relevant times the Fourth-Party Plaintiff, Robert D. Nevin ("Mr. Nevin"), was a resident of the New Castle County in the State of Delaware.

4.  At all relevant times the Fourth-Party Plaintiff, The National Cash Register Company ("National Cash Register") was a Maryland corporation registered to do business in Delaware.

5.  Fourth-Party Defendant, Wayne Shelalis (hereinafter referred to as "Mr. Shelalis") is a resident of the New Castle County in the State of Delaware.

6.  Shelalis may be served at 56 Arden Avenue, Castle Hills, New Castle, Delaware 19720.

7.  At all relevant times the Fourth Party Defendant, Tipton Trucking (hereinafter referred to as "Tipton Trucking") was a Delaware Corporation.

8.  Tipton Trucking Co., Inc. may be served through its resisted agent, Frank L. Tipton, at 1872 Pulaski Highway, Unit A, Bear, DE 19701.

## BACKGROUND FACTS

9.  On or about November 10, 2005, at approximately 11:28 a.m., Mr. Nevin was operating a motor vehicle driving North on I-495 in New Castle County, State of Delaware.

10. Approximately .55 miles North of the Terminal Avenue exit, Mr. Nevin pulled over to the shoulder of I-495 to recover a part of his car that had fallen onto the roadway.

11. At the aforesaid time and place, Mr. Shelalis was driving a 2002 Sterling-

STLG tractor trailer [hereinafter referred to as the "Truck"] northbound on I-495 in New Castle County, State of Delaware.

12. At all relevant times Mr. Shelalis was an employee of Tipton Trucking.

13. At all relevant times Mr. Shelalis was acting within the scope of his employment with Tipton Trucking.

14. At all relevant times, Tipton Trucking was the owner of the Truck.

15. At all relevant times, Mr. Shelalis was the servant, agent or employee of Tipton Trucking.

16. At all relevant times, Tipton Trucking was vicariously liable for the acts or omissions of Mr. Shelalis.

17. While Mr. Nevin was stopped on the shoulder, the truck driven by Mr. Shelalis sideswiped Mr. Nevin's vehicle [hereinafter referred to as the "First Accident"].

18. Shortly thereafter, at a location just ahead of Mr. Nevin's vehicle, a subsequent collision occurred between the motor vehicles driven by Plaintiff Stephen Halchuk and Defendant/Third-Party Plaintiff Robert L. Williams d/b/a Robert L. Williams Trucking [hereinafter referred to as the "Second Collision"].

19. On or about April 24, 2007, the Plaintiff, Stephen Halchuk, filed suit in the United States District Court for the District of Delaware naming the Defendant/Third-Party Plaintiff, Robert L. Williams d/b/a Robert L. Williams Trucking, and alleging personal injuries and damages resulting from the Second Accident.

20. On or about November 13, 2007, the Defendant/Third-Party Plaintiff, Robert L. Williams d/b/a Robert L. Williams Trucking, filed a cross-claim against Mr.

Nevin and The National Cash Register Company seeking contribution and indemnification.

### COUNT 1 – CONTRIBUTION OR INDEMNIFICATION

21.     All of the allegations of the prior paragraphs are incorporated by reference as if fully reprinted here.

22.     At the aforesaid time and place of the First Accident, Mr. Shelalis was negligent is that he:

    i.     Operated his motor vehicle in a careless or imprudent manner in violation of 21 DEL. C. § 4176(a);

    ii.    Operated his motor vehicle without due regard for the road, weather, and traffic conditions then existing in violation of 21 DEL. C. § 4176(a);

    iii.   Operated his motor vehicle without giving full time and attention to the operation of the vehicle in violation of 21 DEL. C. § 4176(b);

    iv.    Operated his motor vehicle and failed to maintain a proper lookout while operating the vehicle in violation of 21 DEL. C. § 4176(b);

    v.     Failed to yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute an immediate hazard in violation of 21 DEL. C. § 4132;

    vi.    Operated his motor vehicle at a speed greater than is reasonable and prudent under the conditions and without having regard to the actual and potential hazards then existing in violation of 21 DEL. C. § 4168(a);

    vii.   Failed to operate his motor vehicle at an appropriate speed when

approaching a special traffic hazard in violation of 21 DEL. C. § 4168(a);

    viii.    Failed to operate his motor vehicle as a reasonable and prudent person under the circumstances in violation of his common law duty and during the aforesaid act set forth above;

    ix.    Failed to have the motor vehicle under reasonable control and failed to maintain a proper lookout in connection with her common law duty to do so;

    x.    Was otherwise negligent.

23.    Any damages for which the Defendant/Third-Party Plaintiff may be held liable and for which it seeks contribution or indemnity from either Mr. Nevin or The National Cash Register Company, then Mr. Nevin and The National Cash Register Company are entitled, for the reasons set forth herein, for contribution and or indemnification from Mr. Shelalis and Tipton Trucking.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, Mr. Nevin and National Cash Register Company respectfully request that this Honorable Court enter judgment as follows:

a. Denying each and every claim and every manner of relief requested by the Third-Party Plaintiff, Robert L. Williams d/b/a Robert L. Williams Trucking;

b. To the extent Fourth-Party Plaintiffs are found liable to Stephen Halchuk for any amount, Fourth-Party Plaintiffs request full indemnification or, in the alternative, contribution from the Fourth-Party Defendants; and

c. Award to Mr. Nevin and National Cash Register Company attorneys' fees, costs and such other relief as this Court deems just and proper.

FOX ROTHSCHILD LLP

/s/ Bernard G. Conaway
Bernard George Conaway, Esquire (#2856)
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 654-7444

*Attorney for Defendants, The National Cash Register Company and Robert D. Nevin, Jr.*

Dated: March 27, 2008

## CERTIFICATE OF SERVICE

I hereby certify that two (2) copies of the within Answer, Affirmative Defenses and Cross-Claim was served on the following by U. S. Mail on March 27, 2008:

Michael J. Hood, Esquire
Michael J. Hood LLC
1701 Shallcross Avenue, Suite C-1
P.O. Box 1471
Wilmington, DE 19899-1471

Roger D. Landon, Esquire
Murphy & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

/s/ Bernard G. Conaway #2856
Bernard George Conaway, Esquire

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
**STEPHEN HALCHUK**

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael J. Hood, Esquire
P.O. Box 1471
Wilmington, DE 19899

## DEFENDANTS
**ROBERT L. WILLIAMS d/b/a ROBERT L. WILLIAMS TRUCKING**

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)
Roger D. Landon, Esquire
Murphy & Landon
1011 Centre Road, #210
Wilmington, DE 19805    **SEE ATTACHED**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of the State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdraw 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airlines Reg. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395 ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff Or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/ Disabilities – Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/ Disabilities Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Apellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief Description of Cause

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

WM1A 815491v1 03/27/08

Counsel for National Cash Register Company and Robert D. Nevin, Jr.:

Bernard G. Conaway, Esquire
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 654-7444
Fax: (302) 656-8920