IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN HALCHUK,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT L. WILLIAMS d/b/a<br>ROBERT L. WILLIAMS TRUCKING,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>    v.<br><br>ROBERT D. NEVIN, JR., and THE NATIONAL CASH REGISTER COMPANY,<br><br>    Third-Party Defendants/Fourth Party Plaintiffs,<br><br>    v.<br><br>TIPTON TRUCKING CO., INC., and WAYNE SHELALIS,<br><br>    Fourth-Party Defendants. | Civil Action No. 07-218 JJF<br><br>JURY TRIAL DEMANDED |

**THE NATIONAL CASH REGISTER COMPANY AND
ROBERT D. NEVIN, JR.'S MOTION TO DISMISS THE
<u>PLAINTIFF'S AMENDED COMPLAINT</u>**

**COMES NOW**, the Third-Party Defendants/Fourth-Party Plaintiffs, the National Cash Register Company ("The National Cash Register Company") and Robert D. Nevin Jr. ("Mr. Nevin"), (hereinafter collectively referred to as the "Third-Party Defendants/Fourth-Party Plaintiffs") by and through their undersigned attorneys, and

move pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) and (b)(6) to dismiss the Plaintiff's claims against the Third-Party Defendants/Fourth-Party Plaintiffs as set out in the Amended Complaint filed on March 17, 2008. In support of their motion, the Third-Party Defendants/Fourth-Party Plaintiffs respectfully assert as follows:

## FACTS

1. This case involves two motor vehicles accidents. Both accidents occurred on November 10, 2005, within minutes of each other, on the northbound lanes of I-495 just south of the Christiana River bridge.

2. The first accident occurred when Robert D. Nevin, Jr., [hereinafter referred to as "Nevin"], the Third-Party Defendant/Fourth-Party Plaintiff, was involved in a motor vehicle accident with Wayne Shelalis, driving at the time as an employee of Tipton Trucking Co., Inc. (hereinafter referred to as "Shelalis"), the Fourth Party Defendants.

3. As a result of the Nevin/Shelalis accident, traffic on I-495 slowed.

4. A short time after the Nevin/Shelalis accident, the Plaintiff Stephen Halchuk (hereinafter referred to as "Halchuk") and the Defendant/Third-Party Plaintiff, Robert L. Williams d/b/a/ Robert L. Williams Trucking (hereinafter referred to as "Williams") were driving in the same location on I-495. *See Motion to Amend Complaint and to Extend Time for Service*, DK No: 26 at ¶7. Following the Nevin/Shelalis accident and at a place beyond the point of impact, an accident between Halchuk and Williams occurred. That accident is the subject of the original complaint.

## PROCEDURAL BACKGROUND

5. On April 24, 2007, Halchuk filed a complaint in this Court naming only Williams as a defendant. *See* DK No: 1. That Complaint seeks damages for personal injuries allegedly resulting from the Halchuk/Williams collision. *Id.* at ¶1.

6. Prior to filing the Amended Complaint, Halchuk was aware of the Nevin/Shelalis accident. *See Plaintiff's Motion to Amend* at DK No: 26 at ¶5.

7. On or about November 13, 2007, Mr. Williams filed an Answer denying the allegations, asserting affirmative defenses and further asserting a third-party complaint against the Third-Party Defendants/Fourth- Party Plaintiffs. *See*, DK No: 13 at ¶4.

8. On or about March 7, 2008, the Plaintiff filed a motion seeking leave to amend his complaint to add The National Cash Register Company and Mr. Nevin as parties to the original complaint. *See* DK No: 26.

9. By Stipulation of March 12, 2008, Halchuk and Williams consented to the filing of the Amended Complaint. *See* DK No: 28.

10. On March 25, 2008, the Plaintiff served both NCR and Mr. Nevin. *See* DK Nos: 31 and 32.

## ANALYSIS

11. The Plaintiff invoked this Court's diversity jurisdiction to adjudicate a claim arising under state law.

12. A federal court vested with diversity jurisdiction must look to the law of

the state in which it is sitting to determine the applicable statute of limitations of a state law claim. Hence, this Court must look to Delaware law to determine the applicable statute of limitations for personal injury claims. *Lunn v. United Aircraft Corp*, 182 F.Supp. 12, 13 -14 (D. Del. 1960) (*quoting Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477).

13.     Under Delaware law, an action to recover damages for personal injury shall be brought before the expiration of 2 years from the accruing of the cause of such action. 10 DEL. C. § 8107.

14.     Absent circumstances not present here,[1] the statute of limitations for personal injuries begins to accrue when injury occurs. *Nardo v. Guido De Ascanis & Sons, Inc.*, 254 A.2d 254, 256 (Del. Super. 1969).

15.     If the action is barred by the applicable statute of limitations, then no action can be maintained. *Lunn v. United Aircraft Corp*, 182 F.Supp. 12, 13 -14 (D. Del. 1960) (*quoting White v. Govatos*, 10 A.2d 524 (Del. Super. 1939)).

16.     The statute of limitation for the Plaintiff's personal injury claims arising out of or relating to either the Nevin/Shelalis or Halchuk/Williams accidents expired November 10, 2007 – over four months before the Amended Complaint was filed.

17.     The Plaintiff's personal injury claims against the Third-Party Defendants/Fourth-Party Plaintiffs lapsed pursuant to 10 *Del. C.* § 8107 and, as a result,

---

[1] Delaware recognizes an exception to the statute of limitations based upon a "time of discovery" rule. *See, e.g., Layton v. Allen*, 1246 A.2d 794, 798 (Del. 1968). For the *Layton* rule to come into play, the plaintiff must not have known that she was, in fact, injured. That is not the case *sub judice*.

Plaintiff's direct claims against Third-Party Defendants/Fourth-Party Plaintiffs expired due to the running of the statute of limitations.

WHEREFORE, Third-Party Defendants/Fourth-Party Plaintiffs, The National Cash Register Company and Robert D. Nevin Jr., pray that this Honorable Court grant this Motion To Dismiss and grant such other relief as the Court deems just and reasonable.

                FOX ROTHSCHILD LLP

                /s/ Bernard G. Conaway
                Bernard George Conaway, Esquire (#2856)
                919 N. Market Street, Suite 1300
                P.O. Box 2323
                Wilmington, DE 19899-2323
                (302) 654-7444

                *Attorney for Third-Party Defendants/Fourth-Party Plaintiffs, The National Cash Register Company and Robert D. Nevin, Jr.*

Dated: May 30, 2008

## CERTIFICATE OF SERVICE

I hereby certify that two (2) copies of the within Third-Party Defendants/Fourth-Party Plaintiffs' Motion to Dismiss was served on the following by U. S. Mail on May 30, 2008:

Michael J. Hood, Esquire
Michael J. Hood LLC
1701 Shallcross Avenue, Suite C-1
P.O. Box 1471
Wilmington, DE 19899-1471

Roger D. Landon, Esquire
Murphy & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

R. Stokes Nolte, Esquire
Nolte & Associates
1010 North Bancroft Parkway, Suite 21
Wilmington, DE 19805

/s/ Bernard G. Conaway #2856
Bernard George Conaway, Esquire

WM1A 823217v1 05/29/08