IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN HALCHUK, | : |
| Plaintiff, | : |
| vs. | : C.A.No.: 07-218 JJF |
| ROBERT L. WILLIAMS d/b/a ROBERT L. WILLIAMS TRUCKING, | : JURY TRIAL DEMANDED |
| Defendants/Third-Party Plaintiffs, | : |
| and | : |
| ROBERT D. NEVIN, JR., and THE NATIONAL CASH REGISTER COMPANY, | : |
| Third-Party Defendants/ Fourth Party Plaintiffs, | : |
| and | : |
| TIPTON TRUCKING CO., INC., and WAYNE SHELAIS, | : |
| Fourth-Party Defendants. | : |

**PLAINTIFF'S ANSWERING BRIEF TO ROBERT D. NEVIN, JR. AND THE NATIONAL CASH REGISTER COMPANY MOTION TO DISMISS**

Michael J. Hood, Esquire (#2080)
Michael J. Hood, LLC
1701 Shallcross Avenue
Suite C
P. O. Box 1471
Wilmington, DE 19899-1471
Attorney for Plaintiff

Robert P. Snyder, Esquire
Timothy G. Daly, Esquire
Robert P. Snyder & Associates
128 Ivy Lane
King of Prussia, PA 19406
Attorneys for Plaintiff

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| TABLE OF AUTHORITIES………………………………………………… | ii |
| NATURE AND STAGE OF PROCEEDINGS…………………………… | 1 |
| SUMMARY OF ARGUMENT………………………………………………… | 2 |
| STATEMENT OF FACTS………………………………………………….. | 3 |
| ARGUMENT I…………………………………………………………………. | 5 |

Plaintiff has complied with all the requirements under F.R.C.P 15(c) to amend this Complaint to add additional defendants and having it relate back to the time of the original Complaint.

| ARGUMENT II………………………………………………………………… | 7 |

If plaintiff misconstrued and his time to request an extension was before the first extension by the Court which ended on December 18, 2007, there is good cause to extend the time to serve the defendants. Lastly, the Court does have discretion even without good cause to extend the time for service and should in this matter.

| CONCLUSIONS……………………………………………………………….. | 9 |

## TABLE OF AUTHORITIES

|  | PAGE |
|---|---|
| Garvin v. City of Philadelphia 354 F.3d 215 (3Cir.,2003).................................. | 5 |
| Gabriel v. Kent General Hospital 95 F.R.D. 391 (D Del. 1982)..................... | 5 |
| Lavin v. AAA Mid-Atlantic Insurance Company, (203 Del. Super.) Lexis 218........... | 6 |
| In Re Lennox Healthcare, Inc.; et al., 319 B.R. 819 (D.Del. 2005)........................ | 7 |
| Owen v. Alarm Guard of Delmarva, Inc. 625 A.2d 258 (Del.1993)....................... | 5 |

### STATUTES AND RULES

| | |
|---|---|
| 10 Del. C. §3112.................................................................................... | 1,3 |
| F. R. C.P 12/b/1..................................................................................... | 1 |
| F. R.C.P b/6.......................................................................................... | 1 |
| F.R.C.P. 15(c)........................................................................................ | 2,5,6,7 |
| F.R.C.P. 4(m)......................................................................................... | 8 |
| Superior Court Civil Rule 15(c)............................................................... | 5 |

## NATURE AND STAGE OF PROCEEDINGS

This is a diversity of citizenship case involving a motor vehicle action involving plaintiff Stephen Halchuk, and defendant Robert Williams which occurred on November 10, 2005 on I-495 in New Castle County, State of Delaware.

On or about April 23, 2007 a Complaint was filed against defendant Williams for negligence in causing severe injuries to the plaintiff Halchuk. DK No.: 1

Plaintiff had an extremely difficult time attempting to locate defendant Williams who had moved out of State and eventually ended in Alabama. Service was finally perfected by Delaware Long Arm Statute 10 Del. C. §3112 on October 23, 2007.

In the interim, Plaintiff requested an extension for an additional 120 days on August 20, 2007 to attempt to serve the defendant. DK No.: 10 It was granted by Judge Tygne on August 21, 2007. DK No.: 12

On or about November 13, 2007, Defendant Williams filed an answer and also a third-party complaint defendants Nevin and The National Cash Register Company on November 13, 2007. DK No.: 18 Plaintiff entered into a stipulation with defendant Robert Williams to amend the complaint to sue Nevin and The National Cash Register Company as direct defendants and extend time for service which was signed by the Court. DK No.: 28

On or about May 30, 2008 Third-party plaintiffs/Fourth-party plaintiffs, Robert D. Nevin, Jr. and The National Cash Register Company filed a motion to dismiss plaintiff's claims against them pursuant to F. R.C.P. 12/b/1 and b/6. DK No.: 41

This is plaintiff's answering brief to Defendant's Motion to dismiss.

1

## SUMMARY OF ARGUMENT

I. Plaintiff should be allowed to amend this Complaint to add the additional defendants. All the provisions of F.R.C.P. 15(c) have been followed and the Complaint should relate back to the time of filing the original Complaint.

II. Plaintiff has shown good cause to extend the time for service on the and the amended complaint should be allowed. Alternatively, the Court's discretion should favor the extension of time to allow the amended complaint.

## STATEMENT OF FACTS

Plaintiff adopts the statement of facts set forth in Third-party defendant's motion to dismiss except as set forth below.

Plaintiff had an incessant problem attempting to find Mr. Williams. Plaintiff enlisted the aid of a private investigator which returned various addresses that he believed Mr. Williams was located. The plaintiff filed four (4) Alias Summons to attempt to serve Mr. Williams. On August 20, 2007 plaintiff filed a letter to Magistrate Tynge requesting an additional 120 days for service. On August 21, 2007, the Motion was Granted. Finally, Mr. Williams was located and served in Alabama on October 23, 2007 using the Delaware Long Arm Statute 10 Del. C. §3112

On or about November 13, 2007 a Answer was filed on behalf of Mr. Williams which denied the allegations, asserted affirmative defenses and also third-partied in, Nevin and The National Cash Register Company.

The plaintiff was aware that there had been an accident ahead of the collision involving plaintiff and defendant Williams. However, the plaintiff had no idea of the participants in that accident and the particulars of the accident until November 13, 2007.

Upon discovering what the defendant had done in his third-party Complaint, plaintiff wanted to add both as defendants in his Complaint. Plaintiff waited for the Third-party defendants to enter their appearance so he could file the motion and have it heard at one (1) time as opposed to filing the motion having the Court read and potentially grant the motion, then having defendants Nevin and The National Cash Register Company potentially oppose the motion at a later date. However, for whatever reason the Summons to serve the third-party defendants were not filed quickly and the other delays occurred. Due to the delays, plaintiff stipulated with defendant Williams to amend the complaint to add Nevin and the National Cash Register Company as direct defendants and extend time for service. The Court signed the stipulation. The defendants were served within the time granted by the Court.

Plaintiff filed a brief to extend time before March 9, 2008, but it was denied by the Court as a result of a procedural error.

3

The plaintiff believed the 120 days for service would be from November 10, 2007 which was the last day of the statute. That would extend time for service to March 9, 2008. If plaintiff is in error and the 120 days should be calculated from his filing of the Complaint and any extensions, the plaintiff's extension would have run on December 18, 2007, since Judge Tygne granted the extension on August 21, 2007.

Plaintiff's attorney was in communication with Defendant's attorney about the progress of the third-party suit.

4

## ARGUMENT I

**Plaintiff has complied with all the requirements under F.R.C.P 15(c) to amend this Complaint to add additional defendants and having it relate back to the time of the original Complaint.**

Defendants in their opening brief state the correct proposition that Delaware law would control regarding the statute of limitations. However, this case was obviously filed well within the statue of limitations. The cases they cite have no applicability. This argument involves whether F.R.C.P. 15(c) allows Plaintiff to add the moving parties as defendants and have it relate back to the filing of the complaint. This is procedural law and, therefore, federal rules would apply. <u>Gabriel v. Kent General Hospital</u> 95 F.R.D. 391 (D Del. 1982) Even the Court were to hold that the Delaware rules would apply, Superior Court Civil Rule 15(c) is as broad or broader than F.R.C.P 15(c).

Regardless whether it is Federal rule 15(c) or Superior rule 15(c), either allows amendments to add additional parties as well as changing the name of a party. <u>Garvin v. City of Philadelphia</u> 354 F.3d 215 (3Cir. 2003); <u>Owen v. Alarm Guard of Delmarva, Inc.</u> 625 A.2d. 258 (Del. 1993).

Federal Rule 15(c) sets out specific requirements for the amendment of the Complaint to add parties and have it relate back. Initially it must involve the same transaction or occurrence as in the original Complaint. There is certainly no argument that this the same occurrence involving the original Complaint, namely, the automobile collision which involved Stephen Halchuk and defendant Williams in which defendants certainly were part since that collision slowed traffic and could have proximately caused the plaintiff's collision.

Secondly, Rule 15(c) requires that within the period provided by law for service of the Summons and the Complaint the party to be brought in by the Amendment has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits.

This case is in its inception. All pleadings have just been filed and the parties have just stipulated regarding the time frame for discovery. The Court has extended the time for service and defendants were served in that time frame. There is no prejudice.

5

Thirdly, 15(c) requires that within the time for the service of summons, the person brought in knew or should have known that but for a mistake concerning the identity of the party, the suit would have been brought against the party. It is hard to believe, The National Cash Register Company and Robert D. Nevin, Jr., would believe that plaintiff would not file a direct action against them and they just would be third-party defendants. Furthermore, plaintiff did not know the identity of the parties until November 13, 2007.

Lavin v. AAA Mid-Atlantic Insurance Company, (203 Del. Super.) LEXIS 218 is instructive. In that case the plaintiff attempted to plead directly against the third-party defendant at the close of trial. The attempt was denied by the Court. However, at page 5 the Court stated, "it would appear to this Court the time to amend the Complaint would have been months before trial when the third-party defendant was brought into the case." That is exactly what plaintiff is attempting to do in this matter.

Therefore, with the court order extending the time to serve, the provisions of Rule 15(c) have been fully complied with in this matter. The plaintiff waited for people to brought into this case to be able to amend and have this Court make one ruling for all the parties involved. However, due to the delay in having third-party defendants respond, that could not happen.

6

## ARGUMENT II

**If plaintiff misconstrued and his time to request an extension is before the first extension by the Court which ended on December 18, 2007, there is good cause to extend the time to serve the defendants. Lastly, the Court does have discretion even without good cause to extend the time for service and should in this matter.**

Leaving out that the Court has extended the time for service by virtue of the stipulation between plaintiff and defendant Williams, plaintiff believed that the correct time for service would be 120 days after the statute ran. If plaintiff is correct, that would extend time for service to March 9, 2008. Plaintiff waited impatiently for the third-party defendants to appear in the case to be able to present this motion and not have it heard in a piece meal fashion. Unfortunately, that did not occur. 15(c) would seem to give plaintiff to March 9, 2008 either to get service or to ask for an extension. However, plaintiff admits that it can find no case law either way.

If plaintiff has made a mistake and the time to request the extension would have been December 18, 2007, it certainly believes that it has good cause for the Court to extend the time for it to make service upon the moving parties.

In Re Lennox Healthcare, Inc.; Et Al, 319 B.R. 819 (D.Del. 2005), the Bankruptcy Court stated what good cause would be and equated it to the excusable neglect standard. Lennox at 822 stated: "Taking all relevant circumstances into consideration, the Court should extend the time to serve when "when counsel exhibits substantial diligence, professional competence and good faith but fails to comply with the rule as a result of some minor neglect...." (Citations Omitted.)

In this instance, the plaintiff has stated many times, he waited for the proper parties to get into this case. He followed what was transpiring on almost a daily basis. He has believed, and hopefully correctly, that the time serve would extend to March 9, 2008. He was in contact with defense counsel for Williams to find out what was occurring. All the circumstances demonstrate an excusable neglect on part of the plaintiff to extend the time for service.

7

The Court does have discretion as stated in <u>Lennox</u> and Rule 4(m) to give an extension even if there is no good cause. While plaintiff vigorously argues there is good cause, the factor cited by the Court in <u>Lennox</u> certainly applies to the situation at hand. The criteria set for the Court's discretionary allowance of additional time is certainly present in this fact pattern.

## CONCLUSION

For the reasons cited above, the plaintiff requests the Court deny Defendant's motion.

Respectfully Submitted,

_____
Michael J. Hood, Esquire (#2080)
Michael J. Hood, LLC
1701 Shallcross Avenue
Suite C
P. O. Box 1471
Wilmington, DE 19899-1471
Attorney for Plaintiff


Robert P. Snyder, Esquire
Timothy G. Daly, Esquire
Robert P. Snyder & Associates
128 Ivy Lane
King of Prussia, PA 19406
Attorneys for Plaintiff

9