IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN HALCHUK, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 07-218-JJF |
| | : |
| ROBERT L. WILLIAMS d/b/a ROBERT L. WILLIAMS TRUCKING, | : |
| | : |
| Defendants/Third Party Plaintiffs, | : |
| | : |
| and | : |
| | : |
| ROBERT D. NEVIN, JR., and THE NATIONAL CASH REGISTER COMPANY, | : |
| | : |
| Third-Party Defendants/ Fourth Party Plaintiffs, | : |
| | : |
| and | : |
| | : |
| TIPTON TRUCKING CO., INC., and WAYNE SHELAIS, | : |
| | : |
| Fourth-Party Defendants. | : |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court is a Motion To Dismiss (D.I. 41) filed by The National Cash Register Company and Robert D. Nevin, Jr., Third Party Defendants, requesting dismissal of Plaintiff's Amended Complaint, which seeks to add them as defendants to the Original Complaint.

This action is based on diversity of citizenship under 28 U.S.C. § 1332 and arises out of two motor vehicle accidents, occurring within minutes of each other, on I-495 on November 10, 2005. The first accident occurred between Robert D. Nevin, Jr.,

an employee of National Cash Register Company, and Wayne Shelais, an employee of Tipton Trucking Co.  The second accident occurred between Plaintiff, Stephen Halchuk, and Robert L. Williams.

Initially, Plaintiff filed the Original Complaint only against Defendant Robert L. Williams d/b/a Robert L. Williams Trucking, seeking damages for personal injuries resulting from the accident between he and Plaintiff.  Williams filed an Answer denying the allegations, asserting affirmative defenses and also asserting a third-party complaint against Nevin and the National Cash Register Company.

Thereafter, Plaintiff sought leave to amend his complaint to add the National Cash Register Company and Nevin as parties to the Original Complaint.  By Stipulation, Plaintiff and Williams consented to the filing of the Amended Complaint.

Defendants move to dismiss this action on the basis that the action is barred by the two-year statute of limitations, 10 Del. C. § 8107.  In response, Plaintiff raises the principles of relation back under Fed. R. Civ. P. 15(c).

Rule 15(c) can ameliorate a statute of limitations problem by treating the claims against the newly added defendants as if they were filed on the date of the original complaint.  Three requirements must be satisfied for the "relation back" principles of Rule 15(c) to apply:  (1) the claims against the new defendants arose from the same conduct, transaction or occurrence set forth in the original complaint; (2) the party to be added

received sufficient notice of the action within the period specified in Fed. R. Civ. P. 4(m) for service of the original pleading, i.e., within 120 days of filing the complaint plus any extensions of time granted by the court, such that the new party will not be prejudiced in defending the action; and (3) the party to be joined knew or should have known that, but for a mistake in the identity of the proper party, the action would have been brought against the party. Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

Defendants have not filed a Reply Brief to support their Motion, and Defendants did not address any of the principles regarding relation back in their opening motion papers. In these circumstances, the Court has insufficient information to conclude that the principles of relation back are not satisfied here, and therefore, the Court has no basis upon which to grant dismissal at this juncture. See, e.g., Springette v. Better Roads Asphalt Company, Inc., 2004 WL 2011472 (D.V.I. Sept. 8, 2004).

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion To Dismiss is **DENIED** without prejudice.

November 24, 2008
DATE

UNITED STATES DISTRICT JUDGE