```
                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE

STEPHEN HALCHUCK,                    :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :
                                     :
ROBERT L. WILLIAMS, d/b/a            :
ROBERT L. WILLIAMS TRUCKING,         :
                                     :
          Defendant/                 :
          Third-Party                :
          Plaintiff,                 :
                                     :
     v.                              :    Civil Action No. 07-218-JJF
                                     :
ROBERT D. NEVIN, JR. and             :
THE NATIONAL CASH REGISTER           :
COMPANY,                             :
                                     :
          Third-Party                :
          Defendants/                :
          Fourth-Party               :
          Plaintiffs,                :
                                     :
     v.                              :
                                     :
TIPTON TRUCKING COMPANY, INC.,       :
and WAYNE SHELALIS,                  :
                                     :
          Fourth-Party               :
          Defendants.                :
```

_____

Timothy G. Daly, Esquire of ROBERT P. SNYDER & ASSOCIATES, King
of Prussia, Pennsylvania.
Michael J. Hood, Esquire, of MICHAEL J. HOOD LLC, Wilmington,
Delaware.

Attorneys for Plaintiff.

Sheldon K. Rennie, Esquire and Seth A. Niederman, Esquire of FOX ROTHSCHILD LLP, Wilmington, Delaware.

Attorneys for Third-Party Defendants/Fourth-Party Plaintiffs.

———————————————————————————————————

**MEMORANDUM OPINION**

July 15, 2009
Wilmington, Delaware.

Farnan, District Judge

Pending before the Court is the Motion Of Third-Party Defendants/Fourth-Party Plaintiffs Robert D. Nevin, Jr. And The National Cash Register Company For Summary Judgment. (D.I. 72.) For the reasons discussed, the Court will deny the Motion.

## I.   BACKGROUND

On November 10, 2005, Third-Party Defendant/Fourth Party Plaintiff Robert Nevin was driving north on I-495 during the course of his employment as a field technician for Third-Party Defendant/Fourth Party Plaintiff The National Cash Register Company. After one of the headlamps on his vehicle flew off, Nevin pulled over to the right shoulder of the highway to attempt retrieve the headlamp. Waiting for a break in traffic so he could retrieve the headlamp, Nevin sat in his vehicle looking into his driver-side mirror. While doing so, Nevin observed a tractor-trailer, driven by Fourth-Party Defendant Wayne Shelalis, rapidly approaching partially in the right shoulder. Nevin claims to have had no time to react to the approaching tractor-trailer, and the tractor-trailer struck Nevin's vehicle (the "Nevin-Shelalis" collision) on its left side. Delaware State Police came to the accident scene and recorded the time of the Nevin-Shelalis collision as 1128 hours. The State Police cited Nevin for stopping on the highway.

1

Shortly thereafter, Defendant/Third-Party Plaintiff Robert
Williams was traveling north on I-495, when he saw that traffic
ahead of him had slowed because of the Nevin-Shelalis collision.
Williams claims he was traveling in the middle lane at the time
and to have adjusted his speed accordingly. Concurrently,
Plaintiff Stephen Halchuck was also traveling north on I-495,
claiming to have been traveling in the left most lane, and was
preparing to pass Williams when, Halchuck alleges, Williams moved
partially into the left most lane and then collided with Halchuck
(the "Halchuck-Williams" collision). Delaware State Police came
to the scene of this collision and recorded the time of the
Halchuck-Williams collision as 1131 hours, approximately three
minutes after the Nevin-Shelalis collision.

Following these events, in April of 2007, Halchuck brought
this action against Williams alleging, inter alia, negligent
vehicle operation. (D.I. 1.) Williams then filed a third-party
complaint (D.I. 18) asserting that, should he be found liable, he
is entitled to contribution and/or indemnification from Nevin,
whose allegedly negligent conduct caused Halchuck's injuries, and
in addition, that National Cash Register, as Nevin's employer, is
vicariously liable. Halchuck responded with an Amended Complaint
(D.I. 29) asserting that Nevin's, and, by way of respondeat
superior, National Cash Register's negligence was an actual and
proximate cause of the Halchuck-Williams collision.

Subsequently, Nevin filed a Fourth-Party Complaint (D.I. 33) asserting that if he is found liable, he is entitled to contribution and/or indemnification from Shelalis and his employer, Tipton Trucking Co., Inc.

Following the close of discovery, Nevin and National Cash Register filed the instant Motion For Summary Judgment, contending that, to the extent Nevin was negligent, he was not a proximate cause of Halchuck's injuries.

## II.   PARTIES' CONTENTIONS

Nevin contends that his alleged negligence was not the proximate cause of the Halchuck-Williams collision. Specifically, Nevin contends that under the applicable Delaware law for proximate cause, even if Nevin was negligent in parking his car on the side of the road, it was unforeseeable that "another accident might occur sometime later in a traffic jam." (D.I. 73 at 8.)

Halchuck responds that the alleged negligent act by Nevin started a chain of events that was unbroken by any superseding cause.   Thus, according to Halchuck, the Halchuck-Williams collision was part of a natural and continuous sequence of events flowing from Nevin's alleged negligence.

## III. Legal Standard

In pertinent part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment

3

if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 200 (3d Cir. 1995).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)(internal citations omitted). However, the mere existence of some evidence in support of the non-movant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. Id.

4

## IV. DECISION

Under Delaware law, to prevail on a claim of negligence, a plaintiff must prove (1) that the defendant owed the plaintiff a duty of care, (2) that the defendant breached that duty, (3) and that the plaintiff's injury was proximately caused by the breach of that duty. See Naidu v. Laird, 539 A.2d 1064, 1072 (Del. 1988). In this case, Nevin's Motion For Summary Judgment rests solely on the contention that Halchuck cannot show that his injuries were proximately caused by Nevin's alleged breach of his duty of care.

This contested element of Halchuk's prima facie case, proximate cause, has been defined in the State of Delaware as causation "which in [a] natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred." Duphily v. Del. Elec. Coop., Inc., 662 A.2d 821, 829 (Del. 1995) (quoting Culver v. Bennett, 588 A.2d 1094, 1097 (Del. 1989)). However, even if there is an intervening act, the causal chain is not automatically broken, as there may be more than one proximate cause to an injury. Id. For an intervening act to break a causal chain, it must have been unforeseeable to the original tortfeasor. Id. Whether an intervening act is unforeseeable and hence a superseding cause is normally a question for the trier-of-fact. Id. at 830. Only in cases where "no reasonable

5

difference of opinion as to the conclusion to be reached on the question of whether an intervening cause is abnormal, unforeseeable, or extraordinarily negligent, should the question [of proximate cause] be determined by the Court as a matter of law." Id. at 831 (citations omitted).

Nevin, in support of his Motion For Summary Judgment, argues that the Halchuck-Willaims collision was an unforeseeable result of his alleged negligence and that Halchuck lacks any evidence to create a genuine issue of material fact on this issue. In support of this position, Nevin relies on Vollendorf v. Craig, No. 01C-08-106, 2004 Del. Super. LEXIS 58 (Del. Super. Feb. 17, 2004). In Vollendorf, plaintiffs were stopped at a traffic light attempting to make a right turn, when they were struck from behind and pushed into the roadway where one of the defendants, Malcolm Brown, was traveling 5-10 miles per hour over the speed limit and struck plaintiffs. Id. at *2-3. In Vollendorf, the court granted Brown's motion for summary judgment, explaining that while Brown's speeding may have been a "but for" cause of his collision with plaintiffs, it was not a proximate cause because, in the first instance, even if Brown had been traveling at the speed limit, the collision was inevitable. Id. at *11. Furthermore, to the extent plaintiffs argued that Brown's speeding proximately caused the collision because it foreclosed an opportunity for them to make a right turn, the court explained that "[t]here is no principled basis for holding Brown liable

merely because his speed moved him to a point in the highway a
few moments sooner, which only by tragic coincidence made a
collision possible."  Id. at *12.

Nevin contends that Halchuck, like the plaintiff in
Vollendorf, cannot establish that he was the proximate cause of
the Halchuck-Williams collision, but can at the very most
establish that his alleged negligence was a "but for" cause of
this collision.  The Court is unpersuaded and concludes that this
case distinguishable from Vollendorf.  Indeed, the Vollendorf
court granted summary judgment because the collision at issue was
not a result of Brown's speeding but was instead the result of a
"tragic coincidence."  Here, however, on the current record and
procedural posture, the Court cannot draw the same conclusion.
Indeed, Nevin was cited by the Delaware State Police for an
improper stop on the highway.  (D.I. 77, Exh 3. at 2,4.)
Moreover, at deposition, Shelalis testified that Nevin's vehicle
was occupying "about almost half" of the right lane, and thus,
forced other vehicles to diverge from their normal course of
travel.  (D.I. 77, Exh 2 at 13:6-17.)  Likewise, Williams stated
at deposition that he moved into the left lane specifically to
avoid the leftward traffic shifting that resulted from the Nevin-
Shelalis collision.  (D.I. 77, Exh 4 at 65:7-16.)  Based on this
evidence, a reasonable jury could conclude that Nevin was aware,
or should have been aware, that his decision to stop his car so
as to block almost half the right lane of an interstate highway

could precipitate not only the collision involving himself and Shelalis, but a range of subsequent collisions. Put another way, it may very well be that inappropriately parking on a shoulder requires drivers to make foreseeable "defensive and offensive" reactions that result in subsequent collisions. See Rutledge v. Wood, No. 01C-12-007, 2003 Del. Super. LEXIS 12, at *9 (Del. Super. Jan. 17, 2003) (denying summary judgment for a first driver that left "chaos" "in his wake" when he provoked a second driver who, in trying to pass the plaintiff in the right hand shoulder, collided with the plaintiff). Thus, the Court cannot decide the proximate causation issue as a matter of law.

**IV.  CONCLUSION**

For the foregoing reasons, the Court will deny the Motion Of Third-Party Defendants/Fourth-Party Plaintiffs Robert D. Nevin, Jr. And The National Cash Register Company For Summary Judgment (D.I. 72).